UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 18-69497-BEM |
| | : | |
| SANDRA BROOKS, | : | CHAPTER 7 |
| *aka* Sandra Hitt Brooks | : | |
| *aka* Sandra Lynn Brooks, | : | |
| | : | |
| Debtor. | : | |
| | : | |
| | : | |
| S. GREGORY HAYS, as Chapter 7 Trustee, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| SANDRA BROOKS, | : | |
| | : | |
| Respondent. | : | |
| | : | |
| | : | |

**MOTION TO AUTHORIZE SALE OF BUSINESS INTERESTS**

COMES NOW S. Gregory Hays, as Chapter trustee ("Trustee") in the bankruptcy case of Sandra Brooks ("**Debtor**"), by and through his undersigned counsel, and files this *Motion to Authorize Sale of Business Interests* (the "Motion"). In support of the Motion, Trustee shows as follows:

**Jurisdiction and Venue**

1.

This Court has jurisdiction to hear this Motion under 28 U.S.C. §§ 157 and 1334. This Motion presents a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

15159951v1

**Background**

2.

On November 19, 2018 (the "**Petition Date**"), Debtor filed in this Court a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Case"). Trustee was appointed and remains the duly acting Chapter 7 trustee.

3.

Prior to the Petition Date, Debtor owned 200 shares of a private company, Aqua Resources Corporation ("**Aqua Resources**").

4.

At the commencement of the Bankruptcy Case, a bankruptcy estate was created pursuant to 11 U.S.C. § 541(a) (the "**Bankruptcy Estate**"), and that Bankruptcy Estate includes all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the estate acquires after commencement of the Bankruptcy Case. 11 U.S.C. § 541(a)(1) and (7) (2018). Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323(a) (2018).

5.

On *Schedule A/B: Property*, Debtor scheduled an interest in Aqua Resources with a value of $500. [Doc. No. 1 at page 15 of 58].

6.

The Bankruptcy Estate is now the owner of the 200 shares of Aqua Resources (the "**Shares**").

7.

Trustee desires to sell the Shares.

8.

Because he originally believed that the Shares had *de minimis* value, Trustee has not inquired about or employed a broker or agent to sell the Shares.

9.

Upon information and belief, no creditors have a security interest in or lien against the Shares.

10.

Trustee has received an offer to purchase from, and by this Motion requests authority to sell the Shares to Aqua Resources ("**Purchaser**") for a purchase price of $5,000.00.

11.

Purchaser has made the highest and best offer to purchase the Shares to date. The terms of the proposed sale are summarized below. Trustee seeks Court approval of the sale substantially consistent with the following proposed terms:

(a) **Assets to be Sold**: the Shares;

(b) **Proposed Purchaser**: Aqua Resources Corporation;

(c) **Purchase Price**: $5,000.00 (the "**Purchase Price**");

(d) **Condition**: the Shares are being sold "AS IS, WHERE IS, WITH ALL FAULTS";

(e) **Closing Costs**: Purchaser is responsible for all closing costs, taxes, and other settlement agreements arising out of the sale of the Shares; and

(f) **Higher and Better Offers**: the proposed sale to Purchaser is subject to higher and better offers.

12.

Trustee anticipates that approximately $5,000.00 in sale proceeds will come into the

15159951v1

Bankruptcy Estate following the proposed sale.

## Relief Requested

13.

Trustee requests that the Court approve the sale of the Shares to Purchaser, or substitute party, as set forth herein.

14.

Trustee further requests that the Court waive the stay of the order approving the sale as authorized under Federal Rules of Bankruptcy Procedure Rule 6004(h).

## Basis for Relief

### *a. Proposed Sale*

15.

Under 11 U.S.C. § 105(a), a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a) (2015).

16.

Section 363(b)(1) provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1) (2015).

17.

The proposed use, sale, or lease of property of a bankruptcy estate may be approved under 11 U.S.C. § 363(b) if it is supported by sound business justification. *See, e.g., Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc. (In re Continental Air Lines)*, 780 F.2d 1223, 1226 (5th Cir. 1986) ("[F]or a . . . trustee to satisfy its fiduciary duty to

4

the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business.").

18.

Trustee has determined in the sound exercise of his business judgment that the sale of the Shares to Purchaser, or substitute party, is in the best interest of the Bankruptcy Estate and its creditors. Upon information and belief, because Aqua Resources is a closely held corporation, if Trustee does not sell the Shares to Purchaser as described herein, the value realized from these assets may be lessened or, frankly, nonexistent.

19.

As set forth above, Trustee is not aware of any liens against or security interests in the Shares. To the extent that this is incorrect, such liens or security interests shall remain attached to the Shares following the closing of the proposed sale, which is to be consummated on an "AS-IS, WHERE-IS, WITH FAULTS" basis.

### b. Good Faith of Trustee and Aqua Resources

20.

Moreover, 11 U.S.C. § 363(m) provides that the reversal or modification on appeal of an authorization of a sale or lease of property does not affect the validity of the sale or lease under such authorization to an entity that purchased or leased the property in good faith. *See* 11 U.S.C. § 363(m).

21.

Although the Bankruptcy Code does not define good faith, courts have recognized that the kind of misconduct that would destroy a good faith status involves fraud, collusion between

15159951v1

the purchaser and other offerors or the trustee, or an attempt to take grossly unfair advantage of other offerors.  *See In re Abbott Dairies of Pa., Inc.*, 788 F.2d 143, 147 (3d Cir. 1986).

22.

Trustee and Aqua Resources have proceeded in good faith, and the Purchaser is a *bona fide,* good-faith purchaser and not an insider of Debtor, Trustee or the Realtor.  Consequently, Trustee and Aqua Resources are entitled to the protections of 11 U.S.C. § 363(m)

**WHEREFORE,** Trustee respectfully requests that the Court enter an order:

(a) Authorizing and approving the sale of the Shares to Aqua Resources;

(b) Authorizing Trustee to consummate the sale of the Shares on the terms and conditions described in this Motion;

(c) Authorizing the sale to be consummated immediately as allowed by Federal Rules of Bankruptcy Procedure Rule 6004(h); and

(d) Granting such other and further relief as the Court deems just or appropriate.

Respectfully submitted this 7th day of July, 2020.

          ARNALL GOLDEN GREGORY LLP
          *Attorneys for Trustee*

          By:*/s/ Michael J. Bargar*
             Michael J. Bargar
             Georgia Bar No. 645709
             michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, Georgia 30363
404-873-8500

15159951v1

## CERTIFICATE OF SERVICE

**I,** Michael J. Bargar, certify that I am over the age of 18 and that on July 7, 2020, I served a copy of the foregoing **MOTION TO AUTHORIZE SALE OF BUSINESS INTERESTS** by first class U.S. Mail, with adequate postage prepaid, on the following persons or entities at the addresses stated:

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

Sandra Brooks
212 Ivey Park Ln
Norcross, GA 30092-4790

Peter B. Bricks
Peter Bricks, P.C.
Suite 206
333 Sandy Springs Circle, N.E.
Atlanta, GA 30328

Aqua Resources Corp.
1013A Stafford St.
Fort Walton Beach, FL 32547

Edward D. McNeal
Aqua Resources Corp.
954 Shalimar Pointe Drive
Shalimar, FL 32579

This 7th day of July, 2020.

*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709

15159951v1